# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3250 | **DATE** | 8/24/2001 |
| **CASE TITLE** | US ex rel. Spaulding vs. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny Spaulding's Petition for a Writ of Habeas Corpus. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ANTHONY SPAULDING, ) ) ) ) Plaintiff-Appellee, ) ) vs. ) ) KENNETH BRILEY, ) ) Defendant-Appellant. ) | AUG 27 2001  01 C 3250 |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is Anthony Spaulding's Petition for a Writ of Habeas Corpus. Because the petition is time-barred, we dismiss it.

## BACKGROUND

Having been convicted of two counts of first degree murder and two counts of attempted armed robbery, Anthony Spaulding received concurrent sentences of natural life imprisonment. Spaulding appealed the conviction, but the Appellate Court for the First District affirmed the trial court on May 28, 1998. Later that year, on October 6, the Illinois Supreme Court denied his Petition for Leave to Appeal.

Spaulding then filed pro se a petition for post-conviction relief on April 13, 1999. Ruling orally on April 26, the Judge deemed the petition "untimely for one thing and aside from that, it's lacking merit." (Exh. D at A4.) Spaulding's counsel subsequently sought leave to withdraw under Pennsylvania v. Finley, 481 U.S. 551 (1987) because Spaulding had not sought post-conviction relief within six months of his direct appeal. The Appellate Court granted counsel's motion to withdraw and affirmed the trial court's denial of the petition for post-conviction relief on April 12, 2000. On July 5, 2000, the Illinois Supreme Court denied Spaulding's Petition for Leave to Appeal. Spaulding filed pro se a second post-conviction petition on January 31, 2001, which the trial court denied on February 23, 2001. This habeas petition followed on April 20, 2001.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations period applies to petitions for a writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). That limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). During the pendency of a properly filed application for collateral relief, the time that ensues does not count toward the limitation period. See 28 U.S.C. § 2244(d)(2).

The Seventh Circuit has adopted several "straightforward" rules to assist district courts in determining whether an application has been "properly filed." Fernandez v. Sternes, 227 F.3d 977, 978 (7th Cir. 2000). The question is an objective one based on state law. Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000). If the state court "considered the claim on the merits, it was properly filed; if [the court] dismissed it for procedural flaws such as untimeliness, then it was not properly filed." Id. As a corollary, if the state court entertains and decides on the merits a petition that fails to comply with state procedural requirements, the petition is "properly filed" for purposes of tolling the statute of limitations. Fernandez, 227 F.3d at 978 (citing Jefferson v. Welborn, 222 F.3d 286 (7th Cir. 2000)). Thus the key is to look at how the state court treated the petition.

A wrinkle arises where the state court's decision rests on both procedural default and a lack of merit. In such an instance, the Seventh Circuit has held that federal review is foreclosed "provided the finding of default is clear." Fernandez, 227 F.3d at 978 (citing Harris v. Reed, 489 U.S. 255, 264 n.10 (1989)). In reaching this conclusion, the Seventh Circuit relied on the Supreme Court's reasoning that the "adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." Harris, 489 U.S. at 264 n.10 (citing Fox Film

Corp. v. Muller, 269 U.S. 207, 210 (1935)). Consequently, as long as the state court has issued a clear finding of procedural default, the petition was improperly filed regardless of whether the court entertained the merits. See Fernandez, 227 F.3d at 978; Harris, 489 U.S. at 264 n.10.

In the case at bar, the trial court dismissed Spaulding's postconviction petition for two reasons: untimeliness and lack of merit. Applying the Seventh Circuit's framework, we must conclude that the clear finding of untimeliness as a matter of state law forecloses our federal review. See Fernandez, 227 F.3d at 978. Thus Spaulding's postconviction petition was not properly filed, and he is not entitled to any tolling of the statute of limitations as a result of the pendency of the petition.

As a result, we begin our calculation at the Illinois Supreme Court's denial of Spaulding's Petition for Leave to Appeal on October 6, 1998.[1] Allowing ninety days for the filing of a petition for certiorari to the United States Supreme Court, see Gonzales v. DeTella, 6 F. Supp. 2d 780, 781-82 (N.D. Ill. 1998) (rev'd on other grounds), Spaulding's conviction became final on January 4, 1999. More than two years later, Spaulding filed the instant petition for habeas corpus on April 20, 2001.

---

[1] Spaulding's PLA appears not to have been timely filed, as Illinois Supreme Court Rule 315 requires PLAs to be filed within 21 days of the resolution of the direct appeal. However, because the Supreme Court did not enunciate its reasons for denying the petition, we shall assume that the filing of the PLA tolled the statute of limitations.

This date of filing falls well outside of the AEDPA's one-year statute of limitations. Accordingly, the instant petition is time-barred.

## CONCLUSION

Because it is time-barred, we deny Spaulding's Petition for a Writ of Habeas Corpus.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: August 24, 2001