Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3250 | **DATE** | 9/26/2001 |
| **CASE TITLE** | US ex rel. Anthony Spaulding vs. Warden Kenneth Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Spaulding's motion (Doc 20-1) for reconsideration and his motion (Doc 20-2) for a certificate of appealability are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 27 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | 01 SEP 26 PM 3:11 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel., )
ANTHONY SPAULDING, )
  )
          Petitioner, )
  )
vs. ) 01 C 3250
  )
WARDEN KENNETH BRILEY, )
  )
          Respondent. )

DOCKETED
SEP 27 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Anthony Spaulding's motion to reconsider our August 24, 2001 dismissal of his petition for a writ of habeas corpus as time-barred. In the alternative, Spaulding moves the court for a certificate of appealability. For the following reasons, both motions are denied.

### DISCUSSION

We will first discuss Spaulding's motion to reconsider and then his motion for a certificate of appealability. The factual background for this case can be found in our prior opinion. United States of America ex rel. Spaulding v. Briley, 2001 WL 1001161 (N.D. Ill. August 24, 2001).

I.        Motion to Reconsider – Rule 60(b).

Relief under Rule 60(b) is "an extraordinary remedy that is to be granted only in exceptional circumstances." Provident Savings Bank v. Popovich, 71 F.3d 696, 698

(7th Cir. 1995). A district court may, in its sound discretion, grant relief under a Rule 60(b) motion for reconsideration for a number of reasons, including "mistake, inadvertence, surprise, or excusable neglect, fraud, misrepresentation or other misconduct by an adverse party, or for any other reason justifying relief judgment." Tobel v. City of Hammond, 94 F.3d 360, 361 (7th Cir. 1996); Helm v. Resolution Trust Corp., 84 F.3d 874, 877 (7th Cir. 1996). Relief under Rule 60(b), however, is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Dickerson v. Bd. of Educ. of Ford Heights, Ill., 32 F.3d 1114, 1116 (7th Cir.1994).

The basis of Spaulding's motion to reconsider is that the court did not read his response brief to Respondent's motion to dismiss his petition for writ of habeas corpus. Indeed, the court did not receive Spaulding's response to Respondent's motion until the day the court issued the opinion. Having now read Spaulding's response, however, we find that it does not change our conclusion that his application for collateral relief was not properly filed pursuant to 28 U.S.C. § 2244(d)(2) and thus did not toll the one year statute of limitations period that applies to petitions for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1).

In his response brief, Spaulding argues that this court should find that his application for collateral relief was properly filed because the state court incorrectly concluded that his petition for post-conviction relief was untimely. As explained in this court's Memorandum Opinion dismissing his habeas petition, federal review on this issue is foreclosed. State courts' decisions as to whether a petition for post-conviction relief is properly filed constitutes a matter of state law that is binding on the reviewing

federal court. Freeman v. Page, 208 F.3d 572, 575 (7th Cir. 2000); Fernandez v. Sternes, 227 F.3d 977, 978 (7th Cir. 2000); Draper v. Page, 2000 WL 876139, at *4 (N.D. Ill. June 28, 2000). Accordingly, based on the state court's treatment of Spaulding's petition for post-conviction relief, his petition was not properly filed and, therefore, did not toll the one-year statute of limitations period for habeas petitions. Our decision remains unchanged.

**II.     Motion for Certificate of Appealability.**

Alternatively, Spaulding moves this court for a certificate of appealability from our denial of his petition for writ of habeas corpus. Pursuant to 28 U.S.C. § 2253(c)(1), no appeal may be taken from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court unless a circuit justice or judge issues a certificate of appealability. A certificate of appealability under this section may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The test is whether the questions the petitioner presents are "debatable among jurists of reason," that a court could resolve the matter differently, or that the questions are deserving of further encouragement. Barefoot v. Estelle, 463 U.S. 880, 893 n. 4. (1983).

Spaulding has not met this standard. Whether a given petition is timely is a question under 28 U.S.C. § 2244 and not under the Constitution. Therefore, an error in treating a collateral attack as untimely cannot support a certificate of appealability. Owens v. Boyd, 235 F.3d. 356, 358 (7th Cir. 2000); Ramunno v. United States, 2001 LEXIS U.S. App. 19601 (7th Cir. Sept. 4, 2001). Additionally, "where a plain procedural bar is present and the district court is correct to invoke it to dispose of the

case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 485, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000); see Rodriguez v. Cowan, 2001 U.S. Dist. LEXIS 13967 (N.D. Ill. Aug 28, 2001). Here, for the reasons stated above and in the court's Memorandum Opinion dismissing Spaulding's habeas petition, Spaulding's petition is procedurally barred pursuant to 28 U.S.C. § 2244(d)(1). Because his petition is procedurally barred under the AEDPA statute, there is no constitutional question that can support a certificate of appealability. Therefore, his motion for a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, Spaulding's motion for reconsideration and his motion for a certificate of appealability are denied.

_____
Charles P. Kocoras
United States District Judge

Dated: September 26, 2001